UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

RONALD DAVIS, and DIANE DAVIS,

    Defendants.
_____/

Case No. 13-11245
HON. TERRENCE G. BERG

## ORDER DENYING DEFENDANT DIANE DAVIS' MOTION FOR REHEARING AND RECONSIDERATION (DKT. 34)

In its September 18, 2014 Order, the Court found that the Government was entitled to partial summary judgment against Ronald Davis for tax penalties assessed against him under 26 U.S.C. § 6672, and that pursuant to 26 U.S.C. §§ 7401 and 7403, the foreclosure and the forced sale of Ronald Davis' personal residence, 6735 Meadowlake Road, Bloomfield Hills, Michigan, was warranted in order to satisfy the federal tax liens attached to his half-interest in that property. Before the Court is Defendant Diane Davis' motion for reconsideration pursuant to E.D. of Mich. L.R. 7.1, filed on September 29, 2014. (Dkt. 34.)

Under Local Rule 7.1, the Court may grant a motion for reconsideration if the movant satisfactorily shows: (1) the existence of a palpable defect that misled the parties and the Court; and (2) the correction of which would result in a different disposition of the case. E.D. Mich. L.R. 7.1(h)(3). A defect is palpable if it is "obvious, clear, unmistakable, manifest, or plain." *Olson v. Home Depot*, 321 F.

Supp. 2d 872, 874 (E.D. Mich. 2004). Further, the Court will not grant a motion for reconsideration "that merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication." *Id.*

Defendant Diane Davis now moves for reconsideration of the Court's Order of September 18, 2014, arguing that her own failure to submit evidence showing that half the proceeds from the foreclosure sale would not be sufficient to ensure that she could continue to live in a house comparable to the Meadowlake residence was a palpable error that would result in a different disposition of the case.

Under *United States v. Rodgers,* 461 U.S. 677, 709-12 (1983), the factors that a district court should consider before ordering a sale include the following: 1) "the extent to which the Government's financial interest would be prejudiced if it were relegated to a forced sale of the partial interest actually liable for the delinquent taxes;" 2) "whether the third party with a non-liable separate interest in the property would, in the normal course of events (leaving aside § 7403 and eminent domain proceedings, of course), have a legally recognized expectation that separate property would not be subject to forced sale by the delinquent taxpayer or his or her creditors;" 3) "the likely prejudice to the third party, both in personal dislocation costs and in … practical undercompensation;" and 4) "the relative character and value of the non-liable and liable interests held in the property." *Rodgers*, 461 U.S. at 710-11.

The core of Defendant's argument is that the Court did not weigh the third *Rodgers* factor properly, that is, "the likely prejudice to the third party, both in

2

personal dislocation costs and in … practical undercompensation." *Rodgers*, 461 U.S. 677, 709-12 (1983). The Court noted in its Order of September 18, 2014 that "Diane Davis' 'practical undercompensation' argument is grounded in a reasoning that has been largely rejected by the Sixth Circuit. And, to the extent that she may believe her finances (either presently, or with the addition of her interest in the proceeds of a forced sale) would be insufficient to allow her to acquire a life interest in an equivalent property, she has failed to present any non-speculative argument or a sufficiently-detailed sworn statement to that effect." (Dkt. 33 at 5, n. 1.)

Defendant Diane Davis, taking a cue from the above language, has submitted documentation in support of her motion for reconsideration that seeks to establish that it would cost more than $200,000, her portion of the proceeds from the home's sale, for her to purchase an annuity that would pay a return sufficient to cover the monthly rent of a $400,000 home in Bloomfield Hills, Michigan for the rest of Mrs. Davis' life. Defendant is arguing that, unless Mrs. Davis receives enough money from the sale of her house to ensure that she can continue live in the manner to which she has become accustomed, she will suffer from "practical undercompensation," and therefore the third factor of the *Rodgers* test would weigh in her favor.

The Sixth Circuit rejected this interpretation of "practical undercompensation" in *United States v. Winsper*, 680 F.3d 482, 489 (6th Cir. 2012). In *Winsper*, the district court had found this factor to weigh in favor of the non-liable spouse because the likely proceeds from the sale "will not permit Mrs.

3

Winsper to relocate to other reasonable housing." *Winsper*, 680 F.3d at 492.  As was the case here before Defendant Davis submitted the declarations attached to this motion to reconsider, in *Winsper* there was no support in the record to show that the proceeds would have been insufficient to allow her to find "other reasonable housing."  Even examining the information provided by Defendant, it also does not show that Mrs. Davis will not be able to find other "reasonable housing", it only shows that her share of the proceeds of the sale (about $200,000) would not be sufficient to keep her in a home of the same value and in a similar neighborhood to that where she currently lives.  This would be true for every non-liable spouse in every tax foreclosure case, because the spouse's one-half share of the sale price of the couple's home would never be sufficient to purchase a new home of the same kind, or to generate enough income to pay the rent for such a home for one's lifetime.  Something more prejudicial than this must be shown, such that the "personal dislocation costs … were 'greater than in any other foreclosure against a residence to satisfy a tax lien.'"  *Winsper*, 680 F.3d at 492, quoting *United States v. Bierbrauer*, 936 F.2d 373, 375 (8th Cir. 1991).

In *Bierbrauer*, the Eighth Circuit explained, "we think this third factor envisions some special circumstance of prejudice to the non-liable third party.  Such a special circumstance might be the potential for undercompensation for the property interest. [citations omitted]  There is no evidence that Judy Bierbrauer would be undercompensated for her interest in the property if the property were sold."  936 F.2d at 376.  Because Mrs. Bierbrauer had a possessory interest in the

4

home "worth no more than about half the value of the property," the Court of Appeals did not find that practical undercompensation occurred where "the government is not dispossessing an innocent third party who has a substantially greater possessory or fee interest than the delinquent tax payer's interest." *Id.*

This reasoning is consistent with the Sixth Circuit's opinion in *United States v. Barr*, 617 F.3d 370 (6th Cir. 2010), in which the Court stated, "[w]ith respect to the third factor, the district court determined that 'the inconvenience of [Mrs. Barr's] relocating is no different from the inconvenience associated with any foreclosure sale and is insufficient to support a denial of such a sale in this case.' The court explained that if the 'inherent indignity and inequity of being removed from one's home' automatically precluded forfeiture, 'the government could never foreclose against a jointly owned residence – a result clearly untenable under § 7403.'" 617 F.3d at 376 (quoting *Bierbrauer*, 936 F.2d at 375-76).

Defendant has similarly failed to demonstrate "special circumstances of prejudice" to prevent a foreclosure in this case. *See Winsper*, 680 F.3d at 492 (6th Cir. 2012); *cf. United States v. Jones*, 877 F. Supp. 907, 918 (D. N.J.) *aff'd*, 74 F.3d 1228 (3rd Cir. 1995) (finding that special circumstances of prejudice existed where a forced sale would dispossess an unemployed mother of a minor child who had no source of income).

Moreover, to the extent that Defendant seeks to rely on the Supreme Court's opinion in *Rodgers*, the Court highlights that *Rodgers* emphasized that district courts possess limited discretion to prevent a sale under § 7403, a discretion that

5

"should be exercised rigorously and sparingly, keeping in mind the Government's paramount interest in prompt and certain collection of delinquent taxes." 461 U.S. at 711.

Thus, while Defendant's $200,000 share from the sale of the property might not suffice for Defendant to obtain an equivalent home in an equivalent neighborhood, the Sixth Circuit has not found that this constitutes the type of prejudice required to prevent a sale under § 7403, nor would such a conclusion comport with the limited discretion available to district courts to prevent a sale. *See Winsper*, 680 F.3d at 492. Given that the Court followed controlling precedent in this Circuit, the Court did not commit a palpable error in holding that the prejudice to the Defendant did not constitute the kind of special circumstances required to prevent foreclosure. For this reason, Defendant's motion for consideration **IS DENIED**.

**SO ORDERED**.

Dated: April 29, 2015
s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically submitted on April 29, 2015, using the CM/ECF system, which will send notification to all parties.

s/A. Chubb
Case Manager

6