**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

                              Case No. 13-11245
   v.                        HON. TERRENCE G. BERG

RONALD DAVIS, and DIANE DAVIS,

      Defendants.

_____/

## <u>ORDER OF SALE</u>

This Court granted the United States' motion for summary judgment on September 18, 2014, (Dkt. 33), and denied Defendant Diane Davis' motion for reconsideration on April 29, 2015.  In its motion, the United States moved to enforce its liens with a judicial sale of the land, along with all improvements, buildings, and appurtenances thereon, for real property located at 6735 Meadowlake Road, Bloomfield Hills, Michigan, (the "Property") with a legal description of Lot 124, Meadowlake Farms Subdivision, part of the West ½ of Section 31, T2N, R10E, Bloomfield Township, Oakland County, Michigan.

The Court now ORDERS that the Property shall be sold under 26 U.S.C. §§ 7402(a) and 7403(b) in order to collect defendant Ronald Davis's unpaid federal tax liabilities, as follows:

    1.  The Internal Revenue Service ("IRS") Property Appraisal and Liquidation Specialists ("PALS") are authorized to offer for public sale and to sell the Property.

2. The terms and conditions of the sale are as follows:

a. The sale of the Property shall be by public auction to the highest bidder, free and clear of all rights, titles, claims, liens, and interests of all parties to this action, including the plaintiff United States and the defendants named above, and any successors in interest or transferees of those parties.

b. The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and easements, restrictions, and reservations of record, if any.

c. The sale shall be held either at the courthouse of the county or city in which the Property is located or on the Property's premises.

d. PALS shall announce the date and time for sale.  The IRS, PALS, and their representatives shall be permitted to enter the Property with prospective buyers in order to allow prospective buyers to inspect the interior and exterior of the Property at such times as the IRS or PALS shall determine are reasonable and convenient.

e. Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Oakland County, and, at the discretion of PALS, by any other notice or advertisement that PALS deems appropriate.  The notice of the sale shall contain a description of the Property and shall contain the material terms and conditions of sale set forth in this order of sale.

2

f. The Property shall be offered for sale "as is," with all faults and without any warranties either express or implied, and the sale shall be made without any right of redemption.

g. PALS shall set, and may adjust, the minimum bid.  If the minimum bid is not met or exceeded, PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and adjust the minimum bid.

h. At the time of the sale, the successful bidder(s) shall deposit with PALS, by cash or by money order, certified check, or cashier's check drawn payable to the Clerk of the United States District Court for the Eastern District of Michigan, a deposit in an amount between five (5) and twenty (20) percent of the minimum bid as specified by PALS in the published notice of sale. Before being permitted to bid at the sale, potential bidders shall display to PALS proof that they are able to comply with this requirement.  No bids will be accepted from any person(s) who have not presented proof that, if they are the successful bidders(s), they can make the deposit required by this order of sale.  The United States may bid as a creditor against its judgment without any tender of cash or check.

i. The successful bidder(s) shall pay the balance of the purchase price for the Property within sixty (60) days following the date of the sale.  The cash or money order, certified check, or cashier's check drawn payable to the Clerk of the United States District Court for the Eastern District of Michigan shall be

3

given to PALS who will deposit the funds with the Clerk of this Court. If the bidder fails to fulfill this requirement, the sale shall be treated as null and void, and the deposit shall be forfeited as damages and applied to cover the expenses of the sale, with any amount remaining to be applied to the judgment for the federal tax liabilities entered in this case. The Clerk shall distribute the deposit as directed by PALS by check drawn payable to the "United States Treasury." The Property shall be again offered for sale under the terms and conditions of this order of sale or, in the alternative, sold to the second highest bidder. The successful bidder(s) at the new sale or second highest bidder, as the case may be, shall receive the Property free and clear of all rights, titles, claims, liens, and interests of the defaulting bidder(s).

j. The Clerk of the Court is directed to accept the deposits and proceeds of the sale and deposit them into the Court's registry for distribution as provided for herein or pursuant to further order of this Court.

k. The sale of the Property shall be subject to confirmation by this Court. On confirmation of the sale, ownership and possession of the Property shall transfer to the successful bidder(s), and all interests in, liens against, and titles and claims to, the Property that are held or asserted by the parties to this action are discharged and extinguished. When this Court confirms the sale, the Recording Official of Oakland County shall cause the transfer of the Property to be reflected upon that county's register of title.

4

l. After the confirmation of the sale, the IRS shall execute and deliver a deed under the authority of this Court conveying the Property, effective as of the date of the confirmation of the sale, to the successful bidder(s). The successful bidder(s) shall pay, in addition to the amount of the bid, any documentary stamps and registry fees as provided by law.

m. All rights to rents of or from the Property arising after the final judgment in this action and before the confirmation of the sale of the Property shall constitute proceeds of the Property and such rents shall be turned over to, and paid to, PALS for deposit and distribution in the same manner as the proceeds of the sale of the Property. On confirmation of the sale of the Property, all rights to product, offspring, rents, and profits of or from the Property arising thereafter shall transfer to the successful bidder(s) and all risks of losses associated with the Property shall transfer to the successful bidder(s).

3. Up until the date that this Court confirms the sale of the Property, Ronald and Diane Davis shall take all reasonable steps necessary to preserve the Property (including all buildings, improvements, fixtures and appurtenances on the Property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the Property and Ronald and Diane Davis and all occupants of the Property shall neither commit waste against the Property nor cause or permit anyone else to do so. All of the defendants in this case shall neither do anything that tends to reduce the value or marketability of the

5

Property nor cause or permit anyone else to do so.  Such defendants shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making internet postings) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.  Violation of this paragraph shall be deemed a contempt of court and punishable as such.

4.  All persons occupying the Property shall vacate the Property permanently within 30 days of the date of this order of sale, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Property).  If any person fails or refuses to vacate the Property by the date specified in this order of sale, PALS is authorized to coordinate with the United States Marshal to take all actions that are reasonably necessary to have those persons ejected.  Any personal property remaining on the Property 30 days after the date of this order of sale is deemed forfeited and abandoned, and PALS is authorized to dispose of it in any manner they see fit, including sale, in which case the proceeds of the sale are to be applied first to the costs and expenses of sale and the balance shall be paid into the Court for further distribution.  Money orders and checks for the purchase of the personal property shall be drawn payable to the Clerk of the United States District Court for the Eastern District of Michigan and the Clerk of the Court is directed to accept cash and checks and deposit such items into the Court's

6

registry for distribution pursuant to further order of this Court.  This order of sale shall also serve as a Writ of Assistance or Writ of Possession, as appropriate, and no further order from the Court shall be required for these purposes.

5.  No later than two business days after vacating the Property pursuant to the deadline set forth in paragraph 4, above, Ronald Davis shall notify counsel for the United States of a forwarding address where he can be reached. Notification shall be made by contacting the U.S. Department of Justice at (202) 514-6488.

6.  Up until the date that this Court confirms the sale of the Property, the IRS, PALS, and their representatives are authorized to have free and full access to the Property in order to take any and all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Property.

7.  After the Court confirms the sale of the Property, the sale proceeds deposited with the Clerk of this Court should be applied to the following items, in the order specified below:

    a.    First, to the United States Treasury for the costs and expenses of the sale, including any costs and expenses incurred to secure or maintain the property pending sale and confirmation by the Court;

    b.    Second, to Oakland County, or other local taxing authority, for real property taxes and other local assessments due and

7

owing which are entitled to priority under 26 U.S.C. § 6323(b)(6);

c.   Third, to the United States in an amount equal to Ronald Davis's 50% interest in the Property based on the priority of the United States' notices of federal tax liens referenced in the Complaint; and

d.   Fourth, to Diane Davis in an amount equal to the portion of Diane Davis's 50% interest in the Property.

**SO ORDERED**.

Dated:  April 29, 2015                    s/Terrence G. Berg
                                          TERRENCE G. BERG
                                          UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically submitted on April 29, 2015, using the CM/ECF system, which will send notification to all parties.

                                          s/A. Chubb
                                          Case Manager