UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Case No. 13-11245
HON. TERRENCE G. BERG

RONALD DAVIS, and DIANE DAVIS,

    Defendants.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO AMEND (DKT. 59) AND MODIFYING ORDER OF SALE (DKT 42)**

Before the Court is Defendant Diane Davis's motion to amend the Court's order of sale (Dkt. 42) which was entered on April 29, 2015.[1] In paragraph 3 of the order of the sale, the Court ordered Defendant and her husband to maintain home insurance on the property until the Court's confirmation of the property's sale.[2]

On December 3, 2015, Defendant filed this motion asking the Court to relieve her of the obligation to maintain insurance after the date of her eviction from the home. Defendant states that she believed that the insurance requirement would terminate upon her dispossession of the home.[3] The government counters that the order of sale's language unambiguously requires Defendant to maintain insurance until the sale of the home. On December 6, 2015, the government evicted Defendant from the home. (Dkt. 62).

---

[1] The order of sale ordered the sale of Defendant's personal residence, located at 6735 Meadowlake Road, Bloomfield Hills, Michigan.
[2] Paragraph 3 states in part "[u]p until the date that this Court confirms the sale of the Property, Ronald and Diane Davis shall take all reasonable steps necessary to preserve the Property . . . including, without limitation, maintaining a fire and casualty insurance policy on the Property . . . ."
[3] Defendant also explains that she has limited funds to pay for the home insurance.

4:13-cv-11245-TGB-LJM Doc # 63 Filed 02/03/16 Pg 2 of 2 Pg ID 462

In support of her position, Defendant cites *United States v. Rogers*, No. 4:13-CV-1923-RWS, 2015 WL 728667, at *2 (E.D. Mo. Feb. 19, 2015) where the court amended the order of sale after finding that it would be inequitable to require the defendants to continue paying for insurance after they had lost possession of the home.

The Court finds the reasoning and approach of the *Rogers* case to be persuasive. Therefore, the Order of Sale is hereby amended to provide that Defendant is not responsible for procuring home insurance following the date of her dispossession, here December 6, 2015. To the extent that Defendant has already paid for insurance past this date, the government is to reimburse all verifiable insurance costs.

For the reasons explained above, Defendant's motion to amend the order of sale (Dkt. 59) **IS GRANTED**.

**SO ORDERED**.

Dated: February 3, 2016                s/Terrence G. Berg
                                       TERRENCE G. BERG
                                       UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically submitted on February 3, 2016, using the CM/ECF system, which will send notification to all parties.

                                       s/A. Chubb
                                       Case Manager

2